IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

vs.                                        Case No. 18-3295-SAC

MICHELLE TIPPIE, et al.,

        Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's pro se complaint which alleges constitutional violations and seeks relief under 42 U.S.C. § 1983. The court proceeds pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a

1

plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct.  See id. at 679; Twombly, 550 U.S. at 567. The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

The court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008). This can be particularly important in prisoner litigation. Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010)("A prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts.").

III. Plaintiff's complaint

Plaintiff, who has other cases in this court, is a pretrial detainee at the Cherokee County Jail. Plaintiff's complaint names three defendants: Michelle Tippie, the Captain of the Cherokee County Jail; Lara LNU, a kitchen cook for the jail; and Danny Davis, a kitchen supervisor for the jail.

Plaintiff alleges five counts in the complaint. Count One alleges that for five days on or about November 1, 2018, there was a burning rubber smell in his cell. Plaintiff was left confined there with his "bean hole" closed. Plaintiff claims that he has asthma and that he did not receive a breathing treatment for approximately eight hours after one was ordered. Later, plaintiff was placed on antibiotics and twice-a-day breathing treatments.

Plaintiff alleges that the failure to do more was in retaliation for plaintiff's bringing suit against defendant Tippie.

Count Two alleges that on November 8 and November 10, 2018, plaintiff was served meals with less than 2000 calories for the day. Plaintiff alleges this was done by defendants Tippie, Lara LNU and Davis to retaliate against plaintiff and other inmates for filing grievances about the food. Plaintiff alleges that on one inmate's grievance, defendant Tippie stated that the meals are well above the guidelines and that she could cut it down. After that, plaintiff alleges, inadequate meals were served on December 8, 2018 and December 10, 2018.

Count Three alleges that on November 28 or 29, 2018, the heater went out and the inmates' request for extra blankets was denied. Plaintiff alleges that the air temperature was 50 degrees or less and that no extra blankets were provided until December 2, 2018. Plaintiff claims he was placed on antibiotics for a cold some days later.

Count Four claims that on October 11, 2018, he was denied all religious services because he was placed in a segregation cell for non-punishment reasons. He also claims that after he left segregation he was forced to go to services alone. He asserts that this occurred for two weeks or more and that defendant Tippie caused the denial.

Finally, Count Five alleges that defendant Tippie has seized more than half of plaintiff's legal mail and legal materials without giving plaintiff a property hearing. He also claims that defendant Tippie does not deliver legal mail on a daily basis.

IV. Constitutional standards regarding conditions of confinement for pretrial detainees

Under the Due Process Clause of the fourteenth amendment, as a pretrial detainee, plaintiff is entitled to "'humane conditions of confinement [with] . . . the basic necessities of adequate food, clothing, shelter, and medical care and . . . reasonable measures to guarantee [his] safety.'" Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003)(quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a claim for relief, plaintiff must allege facts showing that the alleged deprivation was sufficiently serious to constitute an excessive risk to his health and safety and that defendants knew of and disregarded the risk. Id. This is the eighth amendment standard for claims of cruel and unusual punishment. Id. As to the seriousness requirement, "'only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). As the Tenth Circuit has commented:

> "The Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and

5

> even harsh.'" Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir.1998) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). . . . In short, "extreme deprivations are required," [to violate the Eighth Amendment]. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) . . .

Strope v. McKune, 382 Fed.Appx. 705, 708 (10th Cir. 2010).

V. Count One

In Count One, plaintiff alleges that he was subjected to the smell of burnt rubber in his cell for five days; that he had to wait from about 12:30 a.m. to 8:00 or 9:00 a.m. one night to receive a breathing treatment; and that he had headaches, flushed cheeks and a chest that hurt. Plaintiff alleges that defendant Tippie is responsible for his alleged injuries because she stated she was not going to move plaintiff to a different cell or allow his bean hole to be open to permit better ventilation.

Plaintiff does not allege facts showing that the odor was an extreme condition which caused a substantial risk to plaintiff's health. Plaintiff alleges that for five days there was a condition that caused his head and chest to hurt and his cheeks to flush. Without additional facts describing the severity of the health risk, the court concludes that plaintiff has failed to describe an extreme condition in which he was deprived of the minimal measure of life's necessities. Plaintiff has merely described an unpleasant situation which caused discomfort.

Additionally, plaintiff has failed to allege facts showing that defendant Tippie or the other defendants were responsible for what plaintiff appears to characterize as an unduly delayed breathing treatment.

VI. Count Two

Plaintiff alleges that on four dates, during a month's span of time, he was served meals which provided inadequate calories. He does not allege that he was harmed. Prisoners have a right to nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the inmates' health. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980). A deviation from this standard must be serious or substantial to violate the Constitution. Wilson v. Seiter, 501 U.S. 294, 304 (1991); Strope v. Sebelius, 189 Fed.Appx. 763, 765-66 (10th Cir. 2006). The facts alleged by plaintiff do not demonstrate a serious deprivation of plaintiff's right to nutritionally adequate food. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978)(a 1,000 calorie diet of grue might be tolerable for a few days); Tyler v. Hathaway, 2000 WL 1672770 *1 (5th Cir. 10/17/2000)(missing a meal on seven occasions over two-month period is not a Eighth Amendment violation); Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)(expressing doubt that missing 50 meals over five months is close to the denial of life's necessities); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999)(a denial of eight meals over seven months does not come close

7

to an Eighth Amendment violation); Cunningham v. Jones, 667 F.2d 565 (6th Cir. 1982)(one meal per day – over a 15-day period – that provided sufficient nutrition to sustain normal health did not violate Eighth Amendment). Here, plaintiff does not allege that he missed any meals, just that the meals were scanty. Nor does plaintiff allege facts describing personal harm or harm suffered by other inmates. His allegations do not describe a constitutional violation for inadequate nutrition.

Plaintiff also fails to allege a retaliation claim in Count Two. "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007).

A plaintiff may be able to establish that a defendant's actions were substantially motivated by protected activity where the allegations show (1) the defendant was aware of his protected activity, (2) the protected activity complained of the defendant's actions, and (3) the alleged retaliatory act "was in close temporal

proximity to the protected activity." Allen v. Avance, 491 Fed.Appx. 1, 6 (quoting Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010)). A prisoner's claim must be supported by specific facts about the adverse action to make it plausible that the action was not motivated by legitimate grounds and specific facts showing why the particular official would be motivated to improperly harm the prisoner. Guy v. Lampert, 748 Fed.Appx. 178, 181 (10th Cir. 2018). Temporal proximity between protected activity and a challenged prison action, while relevant, does not in itself demonstrate the causal nexus for a retaliation claim. See Leek v. Miller, 698 Fed.Appx. 922, 926 (10th Cir. 2017); Dawson v. Audet, 636 Fed.Appx. 753, 758 (10th Cir. 2016); Strope v. Cummings, 381 Fed.Appx. 878, 883 (10th Cir. 2010); Friedman v. Kennard, 248 Fed.Appx. 918, 922 (10th Cir. 2007).

Plaintiff does not allege facts showing that the four days' meals were so lacking that a normal inmate at the Cherokee County Jail would be deterred from bringing a grievance or complaint.[1] Rodgers v. Martin, 2015 WL 1565359 *7 (E.D.Cal. 4/8/2015)(denial of a single meal too de minimus to chill a person of ordinary firmness); Soriano v. Naranjo, 2011 WL 4375292 *4 (E.D.Cal. 9/19/2011)(same). Nor does he allege facts, as opposed to

---

[1] Plaintiff also fails to allege facts plausibly showing that the burnt rubber smell and the alleged interference with his legal materials and mail were so injurious as to chill an ordinary person from engaging in constitutionally protected activity.

9

conclusions, supporting a claim of retaliatory motive. The court is aware that plaintiff has filed grievances and court litigation in 2018 and that defendant Tippie and defendant Davis have been subjects of that activity. But, plaintiff has failed to allege "specific facts" that make it plausible that any individual defendant denied all the jail's inmates adequate meals on the four days in question because of plaintiff's constitutionally protected activity or similar activity from other inmates.

VII. Count Three

In Count Three, plaintiff alleges that the heater for his housing unit malfunctioned, that he did not have sufficient heat in his cell or pod starting on November 28, 2018, and that he did not receive extra blankets until December 2, 2018. He does not allege how many blankets he normally received and whether there were other means to maintain warmth. He claims the temperatures in his cell were 50 degrees or less. But, he does not allege for how many days or for how long during the day or night these temperatures persisted. Plaintiff asserts that he was put on antibiotics for a chest cold on December 6, 2018. He does not assert that this was caused by the low temperatures.

The Tenth Circuit has observed that "temperature per se does not tell the whole story." Strope v. McKune, 382 Fed.Appx. 705, 708 (10th Cir. 2010). "'[T]he cases suggest that courts should examine several factors in assessing claims based on low cell

temperature, such as the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; [and] the adequacy of such alternatives.'" Id., quoting Dixon v. Godinez, 114 F.3d 640, 644 (7th Cir. 1997). Here, plaintiff has not made specific allegations regarding these factors using information which should be within plaintiff's knowledge. Therefore, the court finds that plaintiff has not alleged a plausible claim of a constitutional violation due to cold conditions, as opposed to a merely possible claim. See Mays v. Springborn, 575 F.3d 643, 648-49 (7th Cir. 2009)(allegations of hurt ears, numb hands and caught colds because of lack of certain winter clothing insufficient to show anything more than the usual discomforts of winter); Barnett v. Neese, 2017 WL 6805647 *2 (S.D.Ind. 12/15/2017)(allegations of 30 days in unbearably cold cell does not state an Eighth Amendment claim); Stradley v. Michigan Dept. of Corrections, 2015 WL 6758826 *6 (W.D.Mich. 2015)(10-day exposure to cold temperatures in segregation cell insufficient where plaintiff had a bed, two sheets and a blanket); Palmer v. Abdalla, 2012 WL 4473206 *5 (S.D.Ohio 2012)(exposure to cold temperatures for three and a half days causing temporary numbness and a subsequent cold); King v. Henry, 2010 WL 4386539 *7 (N.D.Fla. 9/24/2010)(48-day exposure to cold temperatures with access to a winter coat).

VIII. Count Four

In Count Four, plaintiff alleges that he was denied religious services without legitimate penological justification. There appear to be two reasons to consider dismissing this claim. First, plaintiff's allegations fail to show an affirmative link between defendants and the denial of religious services. Plaintiff should allege facts plausibly showing personal involvement, causation and state of mind. See Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013). Here, plaintiff only alleges broadly that defendant Tippie denied plaintiff access to religious services and that she is the jail captain. He does not allege facts showing that she ordered or directed or otherwise set in motion the actions causing the denial of religious services.

Second, plaintiff's claim in Count Four appears the same as Count Six in Case No. 18-3092 although it concerns actions occurring after plaintiff brought his claim in Case No. 18-3092. "District courts have discretion to control their dockets by dismissing duplicative cases." Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). "[P]laintiffs have no right to maintain two actions on the same subject in the same court." Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 93 (2d Cir. 2013)(quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000)). This court has dismissed a duplicative action in the past. Edmisten v. Kansas, 2008 WL

VIII. Count Four

In Count Four, plaintiff alleges that he was denied religious services without legitimate penological justification. There appear to be two reasons to consider dismissing this claim. First, plaintiff's allegations fail to show an affirmative link between defendants and the denial of religious services. Plaintiff should allege facts plausibly showing personal involvement, causation and state of mind. See Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013). Here, plaintiff only alleges broadly that defendant Tippie denied plaintiff access to religious services and that she is the jail captain. He does not allege facts showing that she ordered or directed or otherwise set in motion the actions causing the denial of religious services.

Second, plaintiff's claim in Count Four appears the same as Count Six in Case No. 18-3092 although it concerns actions occurring after plaintiff brought his claim in Case No. 18-3092. "District courts have discretion to control their dockets by dismissing duplicative cases." Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). "[P]laintiffs have no right to maintain two actions on the same subject in the same court." Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 93 (2d Cir. 2013)(quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000)). This court has dismissed a duplicative action in the past. Edmisten v. Kansas, 2008 WL

4540460 *3 (D.Kan. 10/9/2008). The court directs plaintiff to show cause why the court should not require him to supplement his claims in Case No. 18-3092 as opposed to bringing a new claim in this case.

IX. Count Five

In Count Five, plaintiff alleges that defendant Tippie has delayed delivery of legal mail and seized his legal materials and legal mail to interfere with and harass plaintiff. This appears to be an access to the courts claim. See Gee, 627 F.3d at 1191; Harmon v. Keith, 383 Fed.Appx. 770, 771 (10th Cir. 2010). To bring such a claim, a plaintiff must allege facts demonstrating an actual injury to his pursuit of a legal claim. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Here, plaintiff has failed to allege such facts.

X. Conclusion

For the above-stated reasons, plaintiff is granted time until March 21, 2019 to show cause in writing why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also granted time until March 21, 2019 to file a complete and proper amended complaint to cure all the deficiencies discussed in this order.

**IT IS SO ORDERED.**

Dated this  19th  day of February, 2019, at Topeka, Kansas.

                         s/Sam A. Crow
                         Sam A. Crow, U.S. District Senior Judge