IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,
      Plaintiff,

vs.                                                        No. 18-3295-JTM

CAPT. MICHELLE TIPPIE, *et al.*,
      Defendants.

MEMORANDUM AND ORDER

Plaintiff Brian Waterman is being held by the State of Kansas on charges of Attempted First Degree Murder, Aggravated Kidnaping, Aggravated Battery and Aggravated Burglary. The present action is one of five lawsuits brought by Waterman over his custody or the conditions of his confinement.[1]

The plaintiff here alleges that while he was held at the Cherokee County Jail (1) he was exposed to carbon monoxide poisoning coming through his cell's ventilation system, (2) that his cell was cold, and (3) that he was not allowed to attend religious services.

---

[1] The other cases are *Waterman v. Crawford County Jail*, No. 18-3035-SAC (alleging inadequate food at the Crawford County Jail), dismissed by the court on June 4, 2018 (Dkt. 28), appeal dismissed Oct. 10, 2018 (Dkt. 40); *Waterman v. Cherokee County Jail*, No. 18-3092-CM (alleging retaliatory segregation); *Waterman v. Bd. of Com'rs of Cherokee County*, No. 18-3135-CM (alleging due process, unconstitutional dietary police, and excessive force), most of the action dismissed June 26, 2019 (Dkt. 122); and *Waterman v. Conard*, No. 19-3093-SAC (alleging various illegal acts by county prosecutor).

Waterman alleges that the first two events reflect violations of the Fourteenth Amendment by Captain Tippie; he alleges that the third constitutes a violation of his First Amendment rights by Captain Tippie and Sergeant McAffee. For the reasons stated herein, the court hereby grants the defendants' Motion to Dismiss.

The defendants first argue that the plaintiff's official capacity claims should be dismissed under the Eleventh Amendment. The Tenth Circuit and this court have concluded that Kansas Sheriffs are state officers for Eleventh Amendment purposes. *See Hunter v. Young*, 238 Fed.Appx. 336, 338 (10th Cir. 2007); *Gadbury v. Bush*, No. 14-3027, 2015 WL 3794441, at *2 (D. Kan. June 17, 2015). As Judge Murgia recently observed in addressing one of the many lawsuits filed by the plaintiff attacking his jailers, Waterman "has not offered a valid argument why this court should not apply Eleventh Amendment immunity to the sheriff and his officers here." *Waterman v. Cherokee County Jail*, No. 18-3092-CM, Dkt. 57, at 4. The same is true in the present action, and all official capacity claims against the defendants are dismissed.

The plaintiff's carbon monoxide assertions — that he could smell the gas in his cell and later showed elevated $CO_2$ levels -- fail to present a plausible claim of dangerous conditions of confinement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Carbon monoxide (CO) is a chemical dangerous to human health. But it is not the same chemical as the relatively innocuous carbon dioxide ($CO_2$) referenced in Waterman's medical records. Moreover, carbon monoxide has no color or odor. *See Colony Ins. v. Victory Constr.*, 239 F.Supp.3d 1279, 1286 (D. Or. 2017); *Sanchez-Knutson v. Ford Motor Co.*, 52

F.Supp.3d 1223, 1225 (S.D.Fla. 2014). It cannot be detected with human senses. *Ticheli v. Travelers Ins. Co.*, No. 1:14-CV-00172, 2015 WL 12734163, at *3 (N.D.N.Y. Mar. 14, 2015).

Thus, Waterman's allegations at most shows that he at some point smelled an odor of some unknown source, and that months later he had marginally elevated $CO_2$ level in some blood work. He has failed to present a plausible allegation of any substantial risk of harm, and the claim is properly dismissed.

The court finds that the same result holds true as to the allegation that Waterman was made to suffer from low temperatures in his cell on two occasions. Reviewing the pleadings, it appears that the first occasion lasted some four days, when the plaintiff was subjected to low temperatures because of a malfunctioning heater. During this period, Waterman had a sheet and a blanket; his complaint is that he should have an extra blanket. But the pleadings indicate that extra blankets were in fact given out on Sunday, after the heater failed on Thursday. More importantly, as to the claim against Captain Tippie, the pleadings indicate that she left work the day the heater failed, and was not present for the following few days. Waterman has failed to plausibly allege that the Captain should be liable for the conditions of confinement during the interim.

The plaintiff also alleges that he was also subjected to cold temperatures for a week when he was later placed in administrative segregation. Again, Waterman was eventually given an extra blanket. The complaint fails to assert any lasting injury from the condition, and while the plaintiff alleges that Captain Tippie knew the segregation unit was not warm, the complaint lacks any allegation that the defendant knew at the

3

time the segregation began that the single blanket already in the cell was insufficient. The plaintiff has failed to show that the low temperature in the segregation unit rose to a constitutional deprivation. *See Mays v. Springborn*, 575 F. 3d 643 (7th Cir. 2009) (finding no constitutional violation for more severe exposure to cold).

Finally, the court finds that plaintiff's First Amendment claim should be dismissed. Waterman alleges that he missed two religious services after he was moved into non-punitive segregation on October 11, 2018. The defendants argue that Waterman has failed to show either that he had some definite religious belief, or that it was substantially infringed in any way. The court finds it need not resolve the former contention, in light of the substantial body of authority agreeing with the latter — that missing up to two religious services "does not substantially burden a prisoner's right to freely exercise his religion." *See Powell v. City of New York*, 2016 U.S. Dist LEXIS 94186 *14 (S. D. N.Y., 2016). After the brief period of denial, Waterman was allowed to attend religious services by himself. The plaintiff has failed to show any violation of a right to group religious services. *See Gowers v. Haleen*, 2013 U.S. Dist. LEXIS 49709 *34-35 (D. Utah, April 4, 2013).

Because the court finds that the defendants in their individual capacities are protected by Eleventh Amendment immunity, and that the plaintiff has otherwise failed to present plausible claims of constitutional violations, the court need not address the defendants' additional arguments relating to qualified immunity.

4

IT IS ACCORDINGLY ORDERED this day of July, 2019, that the defendants' Motion to Dismiss (Dkt. 17) is hereby granted.

s/ J. Thomas Marten
J. Thomas Marten, Judge