IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,
    Plaintiff,

vs.                                                     No. 18-3295-JTM

CAPT. MICHELLE TIPPIE, *et al.*,
    Defendants.

MEMORANDUM AND ORDER

By prior Order, the court dismissed the various claims raised by Plaintiff Brian Waterman, who had been held at the Cherokee County, Kansas Jail while awaiting trial on state criminal charges for murder, kidnapping, battery and burglary. As noted in the prior Order, Waterman has filed some five lawsuits in Kansas over his custody or the conditions of his confinement at various institutions. The present action alleges that his Cherokee County cell was too cold, that he was exposed to carbon monoxide, and he was not allowed to attend religious services.

Reviewing Waterman's allegations, the court determined that the complaint "at some point smelled an odor of some unknown source," and that he was only briefly exposed to colder temperatures. During this time, when a heater malfunctioned, Waterman had a sheet and a blanket, other blankets were available, and the defendant

Captain Tippie (who was not at the jail during this time) had no liability for incident. The court also dismissed Waterman's First Amendment claim, which was based on missing two religious services while he was in non-punitive segregation, finding the claim did not rise to the level of a constitutional violation. *See Powell v. City of New York*, 2016 U.S. Dist LEXIS 94186, at *14 (S.D.N.Y., 2016)

The matter is before the court on Waterman's motion to reconsider, which the court construes as a motion for relief under Fed.R.Civ.Pr. 59(e). Such a motion may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Here, the motion for reconsideration is simply a repetition of arguments which Waterman previously made in opposition to the defendants' Motion to Dismiss, or arguments which could have been made prior to the Judgment. Because the arguments

raised are all matters which were or could have been presented in the original briefing, Waterman has failed to meet the standards for relief under Rule 59(e), which "may not be used to relitigate old matters, or to raise arguments that could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the plaintiff's Motion for Reconsideration (Dkt. 27) is hereby denied.

<u>J. Thomas Marten</u><br>
J. Thomas Marten, Judge